IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **BROTHER CONVENIENCE STORE, INC.** <br> 3358 GREENMOUNT AVENUE <br> BALTIMORE, MARYLAND 21218 <br><br> AND <br><br> **HESHAM A. GHALEB** <br> 3358 GREENMOUNT AVENUE <br> BALTIMORE, MARYLAND 21218 <br><br> AND <br><br> **MAGED A. GHALEB** <br> 3358 GREENMOUNT AVENUE <br> BALTIMORE, MARYLAND 21218 <br><br> **PLAINTIFFS** <br><br> V. <br><br> **UNITED STATES DEPARTMENT OF AGRICULTURE; C/O SONNY PERDUE**, in his official capacity as Secretary of the United States Department of Agriculture <br><br> **DEFENDANT** | Civil Case No.:_ 1:20-cv-01346 |

## COMPLAINT AND REQUEST FOR JUDICIAL REVIEW

**NOW COMES**, Brother Convenience Store, Inc., Hersham A. Ghaleb and Maged A. Ghaleb (the "Plaintiffs', collectively), by and through their attorneys, JESSIE LYONS CRAWFORD and THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC, moves this Court for Judicial Review of a Final Agency Decision permanently disqualifying Appellant from the Supplemental Nutrition

1

Program ("SNAP") by the Food and Nutrition Services ("FNS") of the United States Department of Agriculture ("USDA"), and for reasons state:

## PARTIES

1. Plaintiff, Brother Convenience Store, Inc., ("BCS" or "The Store", collectively) is a Maryland Corporation, that all times relevant herein, conducts business in the State of Maryland.

2. Plaintiff, Hersham A. Ghaleb and Maged A. Ghaleb (the "Ghaleb's"), are residents of the State of Maryland. At all times relevant herein, The Ghaleb's were officers of BCS, and were duly authorized to proceed on behalf of BCS.

3. The United States Department Agriculture and Sonny Perdue, ("Defendant" or " United States", respectively) is an agency of the United States. At all times relevant herein, Appellees' were responsible for administrating the SNAP program by FNS.

## JURISDICTION

4. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

5. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7U.S.C. §§ 2011 – 2036(c).

6. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs business was owned and operated in the State

of Maryland, and because the facts giving rise the circumstances herein occurred in Maryland.

## EXHAUSTION OF REMEDIES

7. Plaintiffs exhausted all administrative remedies as a condition precedent prior to filing this action. Plaintiffs seeks judicial review of a May 5, 2020, decision permanently disqualifying them from accepting benefits. The foregoing Complaint was filed within thirty (30) days from the date of the decision, therefore timely. Exhibit A.

## COUNT I-REQUEST FOR JUDICIAL REVIEW

8. Plaintiffs hereby incorporates the above-referenced paragraphs as if restated herein for reference.

9. The Plaintiffs own and operate a small retail store in Baltimore City, Maryland. The store functions as a small grocery store for local residents. There is a large population who are participants in the Supplemental Nutrition Assistance Program (hereinafter referred to as "SNAP"), which is overseen by the Food & Nutrition Services ('FNS") of the United States Department of Agriculture ("USDA").

10. On November 8, 2013, Plaintiffs were authorized by FNS to accept SNAP benefits. In fact, on February 13, 2019, Defendant reauthorized the Plaintiffs to continue accepting benefits.

11. Since the BCS began accepting EBT payments, they have never once received a warning letter, disciplinary action, or any other correspondence from the Defendant which would indicate that the store was somehow improperly accepting benefits or otherwise operating the program incorrectly.

12. Notwithstanding, on November 26, 2019, Defendant charged Plaintiff with trafficking based on a purported series of irregular SNAP transaction patterns that allegedly occurred in April through September 2019.

13. The Plaintiffs vehemently denied and defended against the Charging Notice, but on May 5, 2020, USDA, acting as an agency of the United States rendered a Final Agency Decision ("FAD") affirming a Permanent Disqualification upon Appellants'' from participation as an authorized retailed in the Supplemental Nutrition Assistance Program ("SNAP"), rendered by FNS Retailers Operation Division based on alleged violations of 7 U.S.C. §2021 and 7 CFR 271.2.

14. As a direct result, BCS lost a considerable portion of its gross revenue (including revenues derived from SNAP) and a substantial portion of the store's clientele.

15. Plaintiffs contends that the evidence does not support/establish that any of the predicate acts supporting the Permanent Disqualification were for the benefit of the Plaintiffs, or participated in by Plaintiffs, and the evidence is not sufficient to support Defendant's Permanent Disqualification under 7 CFR 2021.

16. The Plaintiffs did not engage in trafficking in SNAP benefits as alleged by the Defendant.

17. The Defendant lacks any direct evidence, whatsoever, that trafficking occurred.

18. Instead, the Defendant bases its disqualification upon a purported data analysis, which is circumstantial, at best.

19. A preponderance of the evidence that Defendant's considered in issuing the FAD did not support its decision to permanently disqualify Appellants'.

20. Defendant's decision to permanently disqualify Plaintiffs SNAP authorization was invalid, unreasonable, arbitrary and capricious, and unsupported by the administrative record and all other evidence available to it.

21. Defendant's withdrawal of Plaintiffs SNAP authorization represents agency action beyond the scope of authority granted by Congress to FNS when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

22. Defendant, in issuing the FAD, relied upon records and other information in FNS's possession which were never provided to Plaintiffs.

23. The FAD was not based upon any declarations or affidavits from a USDA or FNS official, employee, or contractor whose identity was disclosed to Plaintiffs.

24. The FAD is FNS's final administrative determination related to the withdrawal of Plaintiffs SNAP authorization.

25. The FAD is subject to judicial review and a trial de novo pursuant to 7 U.S.C. §§2023(a)(13), (15).

26. Judicial reviews pursuant to 7 U.S.C. §§2023(a) are not governed by the Administrative Procedure Act and the evidence is not limited to the administrative record prepared by FNS.

27. The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

28. FNS withdrew Plaintiffs SNAP authorization in violation of the Food and Nutrition Act of 2008 and FNS's SNAP regulations.

29. FNS's withdrawal of Plaintiffs SNAP authorization was premised upon an erroneous, unsupportable, and arbitrary and capricious interpretation of 7 C.F.R. §278.1.

30. In issuing the FAD, FNS acted arbitrarily and capriciously by failing to consider all information submitted by or related to Plaintiffs.

31. Plaintiffs respectfully requests a de novo review of FNS's FAD which affirmed the withdrawal of its SNAP authorization.

WHEREFORE, Plaintiffs respectfully requests that this Court, after conducting a de novo review of the FAD, enter judgment in its favor and against the United States, and issue an Order granting the following relief:

(a)   Reversing the FAD;

(b)   Vacating FNS's Initial Determination;

(c)   Preliminarily enjoining FNS from withdrawing Plaintiffs authorization to participate in SNAP during the pendency of this action;

(d)   Permanently enjoining FNS from withdrawing Plaintiffs authorization to participate in SNAP based upon the Initial Determination and/or the FAD;

(e)   Awarding Plaintiffs an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

(f)   Such other and further relief as the Court may deem just and proper.

## COUNT II-CIVIL MONEY PENALTY

32. Plaintiffs hereby incorporates the above-referenced paragraphs as if restated herein for reference.

33. Defendant United States, through its agent USDA, in its FAD, affirming a Permanent Disqualification upon the Plaintiffs, denied Plaintiffs eligibility for a civil money penalty in lieu of Permanent Disqualification which is authorized pursuant to 7 CFR 278.6(i).

34. Plaintiffs contends that the evidence presented is sufficient to support its eligibility for a civil penalty in lieu of Permanent Disqualification.

35. The Permanent Disqualification in lieu of a civil money penalty was arbitrary and capricious.

WHEREFORE, Plaintiffs respectfully request that thus Honorable Court reverse the final agency decision and for such other and further relief as may be deemed just and proper.

### **COUNT III-DUE PROCESS**

36. Plaintiffs hereby incorporates the above-referenced paragraphs as if restated herein for reference.

37. On February 13, 2019, Defendant renewed Plaintiffs authorization to administer SNAP benefits to its customers.

38. On August 19, 2019, the Defendant, as part of its administration of the SNAP Program, conducted an inspection of the store wherein the inspector observed the nature and scope of the Plaintiffs operation, stock, and facilities. This information was then purportedly used to ascertain if there were justifiable explanations for the alleged suspicious transactions.

39. The Defendant failed to articulate in the FAD that during the August 19, 2019, inspection, they informed Plaintiffs that they were under investigation or counseled them regarding compliance with SNAP regulations. Moreover, Plaintiffs were not given an opportunity to address the purported "Suspicious Transactions" prior to charges being filed against them.

40. The Inspector's failure to inform the Plaintiffs that they were under investigation and to also warn them of perceived violations violated Plaintiffs due process rights, and also violated basic fundamentals of investigations.

41. In fact, had the Inspector properly warned Plaintiffs, they would have had an opportunity to investigate internally, speak with customers, establish its process, and take remedial measures to ensure continued compliance, if needed.

42. The regulations, as written, do not require the Defendant to inform business owners, such as Plaintiffs, that they are perceived to violate the law, or at least warning them that transactions appear to be suspicious, which violates Plaintiffs constitutional rights.

43. The administrative process was inadequate to remedy the due process violations.

        Respectfully Submitted,

        /s/ Jessie Lyons Crawford

        _____

        **JESSIE LYONS CRAWFORD, Esq.**
        **COUNSEL FOR PLAINTIFF**
        Federal Bar No.: 25247
        THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC
        2601 Maryland Avenue
        Baltimore, Maryland 21218
        410-662-1230
        F: 410-662-1238
        E. attorneyjlcrawford@verizon.net